IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| D'Armonde Kethon Demmons, ) | |
| ) | Civil Action No. 6:09-3289-CMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Captain C. McElvogue, ) | |
| Sgt. R. Sanders, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 16). The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The plaintiff, who was a pretrial detainee housed in protective custody at the Hill-Finklea Detention Center ("HFDC") at the time of the filing of the complaint, alleges multiple civil rights violations, including denial of certain hygiene products, denial of writing materials, denial of telephone calls, denial of recreation time, denial of air conditioning and proper air circulation, denial of showers, and denial of haircuts (comp. 3-4). He seeks "justice in this matter," $10,000 in punitive damages, and for the court "to hold this county jail responsible for upholding their own rules and regulation in policy" (comp. 5). The named defendants are Captain C. McElvogue and Sergeant R. Sanders.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect

2

the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The plaintiff's claims fail on the merits.[1] Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 53). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See id.* at 1380-81.

Here, the plaintiff claims that he has been denied certain hygiene products, such as hair grease and cocoa butter lotion, denied writing materials, denied telephone calls,

---

[1] The defendant also argues that the plaintiff failed to exhaust his administrative remedies. Since this court finds the claims fail on the merits, this argument will not be addressed.

3

denied recreation time, denied air conditioning and proper air circulation, denied showers and denied haircuts (*see* comp.). In his response in opposition to the motion for summary judgment, the plaintiff claims he "witnessed" violence between inmates, to which the officers did not respond. He also describes feeling anxiety when his co-defendant was moved into the same housing unit with him. The plaintiff states that he requested to be placed in protective custody "to avoid hurting individuals or being hurt by individuals in C-pod" (pl. resp. m.s.j. 2). He claims that after being placed in administrative segregation he was denied writing materials[2] and could only choose from a restricted hygiene product list. The plaintiff further alleges his recreation time was restricted to 1½ hours per week, and he was not allowed to shower or use the phone for over a week in November 2009 and again in January 2010. He claims that he did not receive a regular haircut, shave, or nail clippers for weeks at a time. The plaintiff contends he was denied visitation because he was not classified correctly and alleges the showers and cells were not cleaned for several months (pl. resp. m.s.j. 2-4). Lastly, the plaintiff makes general allegations regarding "injustices" and states that he "is only trying to bring to the court's attention what has already been brought before by other inmates over the years" (pl. resp. m.s.j. 5).

Here, as argued by the defendant, the plaintiff's allegations, if taken as true, do not rise to the level of a constitutional violation. He has not demonstrated that the defendants failed to provide him with humane conditions of confinement or that he suffered a serious or significant physical or mental injury as a result of the alleged conditions of his confinement. His allegations are general in nature, and they do not contain the requisite specificity in order to constitute a violation of his constitutional rights under the Fourteenth Amendment.

---

[2]To the extent the plaintiff seeks to allege a claim of denial of access to the courts, the claim fails. The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). The plaintiff has failed allege or show any such actual injury.

Speculations of possible future injury do not meet the required standard. Based upon the foregoing, summary judgment is appropriate on the plaintiff's conditions of confinement claim.

In his complaint, the plaintiff also alleges that he "is being denied rights and privileges that regular population inmates [are] being granted" (comp. 3). As noted above, the plaintiff admits he requested protective custody. In such a situation, "conditions imposed on prisoners requesting protective custody less favorable than those afforded the general prison population do not give rise to a meritorious claim of denial of equal protection or a denial of due process where the restrictions bear a rational relationship to the protection of the prisoner requesting such relief and where the restrictions are not so onerous as to jeopardize his health." *Taylors v. Rogers*, 781 F.2d 1047, 1050 (4th Cir. 1986). Here, as argued by the defendants, the restrictions placed on protective custody inmates serve legitimate penological interests in that they discourage unwarranted requests for protection and unnecessary inclusion in protective custody while providing the necessary security and minimizing the financial and staff impact necessary to house protective custody inmates. Thus, the restrictions placed on the plaintiff and other similarly situated protective custody inmates are rationally related to the need for prison security and order. Furthermore, there is absolutely no evidence the restrictions are so onerous as to jeopardize the plaintiff's health. As such, the defendants are entitled to summary judgment on the plaintiff's equal protection claim.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 16) be granted.

August 25, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

5