IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| D'Armonde Kethon Demmons, | ) | C/A NO. 6:09-3289-CMC-KFM |
| Plaintiff, | ) | |
| -versus- | ) | **OPINION and ORDER** |
| Captain C. McElvogue, Sgt. R. Sanders, | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging violations of 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 25, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

As argued by Defendants in support of summary judgment, Plaintiff's complaint is defective for failure to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Fourth Circuit has held that failure to exhaust administrative remedies is an affirmative defense. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). In this case, Defendants asserted this defense in their Answer and moved for summary judgment based, in part, on this prerequisite. Therefore, this matter is subject to dismissal for failure to exhaust administrative remedies.

In addition, however, this court agrees with the Report that Plaintiff cannot overcome the merits of Defendants' motion for summary judgment. Therefore, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 16, 2010

C:\Documents and Settings\Mlb87\Local Settings\Temp\notes6030C8\09-3289 Demmons v. McElvogue adopt rr dism failure to exhaust but also fails on merits.wpd